*73 OPINION OF THE COURT
Aaron E. Klein, J.
This is a motion to disqualify counsel to a labor organization from defending that labor organization in a fair representation and breach of union-member contract action brought by a former member of the labor organization.
On April 29, 1977 plaintiff, Dino De Cherro commenced a legal action against defendant Civil Service Employees (CSEA), for (1) breach of the union-member obligation to provide legal counsel in contractual grievance arbitration proceedings, and (2) breach of the duty of fair representation.
Defendant CSEA moved to dismiss De Cherro’s complaint (1) under CPLR 3211 (subd [a], par 2) asserting lack of subject matter jurisdiction, and (2) under CPLR 3211 (subd [a], par 7) asserting failure to state a cause of action.
The gravamen of plaintiff De Cherro’s complaint was that defendant CSEA on advice of counsel, refused to providé De Cherro with legal representation to reverse De Cherro’s employment termination from the New York State Labor Department. De Cherro after retaining private counsel was successful in securing reinstatement.
This court by decision dated August 4, 1977 denied defendant CSEA’s motion to dismiss De Cherro’s complaint holding (1) it had subject matter jurisdiction to entertain a cause of action for breach of union-member contract and/or the duty of fair representation; (2) De Cherro’s complaint stated causes of action set forth in (1); (3) De Cherro had exhausted CSEA’s internal procedures for obtaining legal representation; (4) punitive damages could be alleged in a fair representation proceeding although De Cherro’s original complaint did not state facts upon which punitive damages could be awarded; and (5) De Cherro’s request that defendant CSEA’s counsel withdraw from representing CSEA in this action on the ground of conflict of interest be addressed to a different forum. The court also granted plaintiff leave to amend the complaint to allege facts upon which punitive damages might be awarded.
Defendant CSEA appealed the order effectuating the August 4, 1977 decision entered in the Albany County Clerk’s office September 6, 1977 to the Appellate Division, Third Department.
On October 28, 1977 the Appellate Division, Third Depart *74 ment, granted defendant CSEA’s motion to stay the order entered September 6, 1977 pending determination of the appeal. The Appellate Division stay pending appeal says: "The stay herein granted shall not extend to respondent’s proposed application to disqualify appellant’s attorneys.”
Plaintiff De Cherro via order to show cause signed by Mr. Justice Ellis J. Staley on October 31, 1977 brought on the present motion to disqualify the law firm of Roemer and Featherstonhaugh (CSEA’s general counsel) from representing CSEA in this case. Plaintiff De Cherro in affidavit sworn to July 1, 1977 says:
"1. In January 1976 he met with Pauline Rogers (then CSEA counsel who now is associated with Roemer and Featherstonhaugh) at CSEA’s 33 Elk Street, Albany, New York headquarters.
"2. During the meeting with Ms. Rogers, De Cherro presented her with documentation concerning his discharge, and spoke to her believing that Ms. Rogers was acting as his counsel.
"3. On February 9, 1976 De Cherro was advised by CSEA representative Don McCarthy that McCarthy spoke to one of CSEA’s lawyers and the lawyer said De Cherro’s grievance concerning employment termination was groundless.”
Plaintiff De Cherro now urges that since the substance of his January, 1976 meeting with Pauline Rogers will be at issue in the trial of the underlying action; that Pauline Rogers is associated with the law firm which originally advised CSEA that De Cherro’s grievance was groundless; and that Pauline Rogers is now associated with the law firm defending CSEA against De Cherro in this case; Roemer and Featherstonhaugh’s continued representation of CSEA violates the Lawyers Code of Professional Responsibility. In support of the motion to disqualify, De Cherro refers to the following specific Disciplinary Rules (DR) in the Code of Professional Responsibility: (1) DR 4-101 — prohibits an attorney from divulging the substance of confidences and secrets of a client or former client; (2) DR 5-101 (B) — prohibits an attorney from accepting employment in a case where that attorney or his firm will be called as a witness; (3) DR 5-102 (A) — which directs an attorney who learns that he or a member of his firm will be called as a witness in a case which he has already undertaken to withdraw from that case; and (4) DR 5-105 — which directs an *75 attorney to withdraw from any employment which presents the possibility for representation of conflicting interests.
Defendant CSEA resists the motion to disqualify urging: (1) With reference to DR 4-101 — no attorney-client relationship between Roemer and Featherstonhaugh or Ms. Rogers existed based on the January, 1976 meeting, or a hearing must be held to determine whether an attorney-client relationship was established.
If there was an attorney-client relationship giving rise to an attorney-client privilege then the privilege was waived under either the theory that Roemer and Featherstonhaugh represented both De Cherro and CSEA in a matter of common interest, or that by commencing the action De Cherro waived the privilege;
(2) With reference to DR 5-101 (B) and 5-102 (A) — that De Cherro as adversary lacks standing to raise the question of a lawyer acting as both advocate and witness because this rule was designed to protect the client, and it is the client alone who must determine whether the effectiveness of his counsel will be impaired if the counsel is called as a witness.
If De Cherro has standing to assert this rule, then Roemer and Featherstonhaugh come under the exception set forth in DR 5-101 (B) (4). An attorney may undertake both an advocate and witness role where refusal to do so would work a substantial harship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case;
(3) With reference to DR 5-105 — there is no attorney-client relationship between Roemer and Featherstonhaugh and the members of CSEA individually, because Roemer and Featherstonhaugh is only counsel to CSEA as a not-for-profit corporation. For a CSEA member to become Roemer and Featherstonaugh’s client the member must apply to CSEA for legal assistance and CSEA must grant the application.
1. JURISDICTION
Although jurisdiction to discipline an attorney for misconduct is vested exclusively in the Appellate Division (Judiciary Law, § 90), disqualification of an attorney based on violations of the Code of Professional Responsibility is a matter properly addressed either to the court where the action is pending or to Special Terms Supreme Court if no action is pending. (Matter of Erlanger, 20 NY2d 778; Matter of Huie, 2 AD2d 163.) The motion to disqualify is, therefore, properly before this court.
*76 2. DISQUALIFICATION
The court believes the controlling principle in this motion is stated in canon 9 of the Code of Professional Responsibility which says a lawyer should avoid even the appearance of professional impropriety.
Many factors must be weighed in deciding whether a lawyer’s involvement in a particular case creates an appearance of impropriety. Disqualification is a serious motion and appearance of impropriety is a highly subjective standard.
Defendant CSEA’s counsel by considering De Cherro’s grievance at one time; finding the grievance groundless; and, later representing CSEA against De Cherro becomes suspect because it took information from De Cherro who believed CSEA was his counsel under the impression of a lawyer-client relationship, and now is in a position to use that information against De Cherro as counsel to CSEA. The appearance of impropriety becomes stronger upon further examining the facts of this motion.
Roemer and Featherstonhaugh claim that they are counsel to CSEA only as a corporate entity, but not to the individual members of CSEA unless the members obtain CSEA’s approval to get legal assistance.
This argument appears to ignore the practical reality that a labor organization member is not legally sophisticated enough to understand the distinction CSEA urges. Moreover, CSEA represents to its members that it will assign a lawyer "to help you — free of charge.” This representation means little if CSEA cloaks the assignment of counsel with an internal procedure which permits it to refuse counsel if the claim is deemed meritless. Counsel function certainly in view of canon 6 requiring competent representation, and canon 7 requiring zealous representaion means more than only taking cases which are viewed by the attorney as certain winners or losers. Counsel function means taking even seemingly "groundless” cases, and by hard work finding the grounds to help a client.
De Cherro in January, 1976 went to Pauline Rogers acting under the assumption reasonably held that Ms. Rogers was his counsel. De Cherro was permitted to speak with Ms. Rogers and apparently divulged enough of the substance of his case for Ms. Rogers to form an opinion that De Cherro’s case was groundless. The court believes that CSEA can only preserve the integrity of its procedure regarding legal representation, if it refers any member seeking counsel immediately to *77 the application for counsel procedure. Where, as here, De Cherro was interviewed by CSEA counsel and information extracted, the court finds the attorney-client relationship is sufficiently established and cannot later be denied on the grounds formal application for counsel was not made and formal permission for counsel was not granted.
Viewed in this manner the potential for interest conflict and breach of attorney-client confidence coupled with the stricture against an attorney serving as both witness and advocate in an adversary proceeding add to the appearance of impropriety.
Balanced against this is Roemer and Featherstonhaugh’s observation that their disqualification will work an undue hardship on CSEA.
Given that the opinion preferred by Roemer and Featherstonhaugh concerning the groundless nature of De Cherro’s initial grievance is at the core of this action, the court finds that the expense to CSEA of engaging other counsel for this proceeding only, is not as significant as the numerous ethical problems which permeate the entire CSEA representation by Roemer and Featherstonhaugh in this case.
To avoid the appearance of impropriety in this delicate area where a labor organization is charged with a special standard given its status as exclusive representative of its members the court believes that in this unique situation CSEA’s general counsel should not defend this case. (Cf. Cardinale v Golinello, 43 NY2d 288; Matter of Kelly, 23 NY2d 368, 375, 376; Edelman v Levy, 42 AD2d 758; Matter of Jacobs, NYLJ, Aug, 18, 1977, p 10, col 3.)
Accordingly plaintiffs motion to disqualify CSEA’s counsel in this case is granted.