■ ENRICO CARIMATI, Appellant, v CRISTINA CARIMATI, Respondent. — Order, Supreme Court, New York County (Ascione, J.), entered December 23, 1982, denying plaintiff's motion to disqualify defendant's counsel, unanimously reversed, on the law and on the facts, and motion granted, without costs. The plaintiff husband and defendant wife were married in 1975. In July, 1982, plaintiff commenced an action against defendant for divorce, custody of their eight-year-old son, and related relief. Prior to representing her in the instant matrimonial litigation, defendant's counsel had, for the better part of a decade, been giving the plaintiff legal advice about such matters as immigration, the formation of corporations for several different types of businesses and the negotiation of leases. In view of this long and continuing attorney-client relationship between defendant's counsel and plaintiff, we find that Special Term erred in denying plaintiff's motion to disqualify defendant's counsel. "[The] attorney traditionally has been prohibited from representing a party in a lawsuit where an opposing party is the lawyer's former client * * * Underlying this rule is the notion that an attorney, as part of his fiduciary obligation, owes a continuing duty to a former client — broader in scope than the attorney-client evidentiary privilege — not to reveal confidences learned in the course of the professional relationship" (*Greene v Greene*, 47 NY2d 447, 453). Concur — Sullivan, J. P., Ross, Fein, Milonas and Kassal, JJ.