■ ENRICO CARIMATI, Appellant, v CRISTINA CARIMATI, Respondent. — Order, Supreme Court, New York County (A. M. Ascione, J.), entered February 1, 1983 fixing temporary maintenance and child support, directing exclusive occupancy by defendant wife, and directing plaintiff husband to pay $7,500 temporary counsel fees to defendant wife's attorneys, is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of reversing and vacating the provision for the payment of said temporary counsel fees, and the order is otherwise affirmed, without costs. On motion of plaintiff husband, defendant wife's former counsel (to whom attorney's fees were awarded by the order now under review) has been disqualified from representing defendant wife because of the former "long and continuing attorney-client relationship between defendant's counsel and plaintiff". (*Carimati v Carimati*, 94 AD2d 659.) This court indicated that such representation was a breach of the attorney's continuing duty to a former client. In the circumstances, the former client, plaintiff husband, should not be required to

pay compensation to defendant wife's counsel for services rendered to defendant wife in breach of that continuing duty to plaintiff husband. The remaining interim provisions for maintenance and exclusive occupancy appear to us to be within the reasonable range of Special Term's discretion. Concur — Asch, J. P., Silverman, Fein, Lynch and Kassal, JJ.