■ ANGELA MANCUSI, Respondent, v MIDDLESEX INSURANCE COMPANY, Appellant. — In an action to recover damages under an insurance contract, defendant appeals (1) from an order of the Supreme Court, Queens County (Kunzeman, J.), dated October 24, 1983, which denied its motion to dismiss the complaint due to plaintiff's failure to appear at an examination before trial, on condition that plaintiff appear for an examination before trial on November 30, 1983, and (2) from so much of a further order of the same court (Leahy, J.), dated January 26, 1984, as denied a similar motion, on condition that plaintiff appear at an examination before trial on March 16, 1984. ¶ Order dated October 24, 1983 affirmed, and order dated January 26, 1984 affirmed, insofar as appealed from, without costs or disbursements, on condition (1) that plaintiff submit to an examination before trial to be held at a time and place to be fixed in a written notice of not less than 10 days to be given by defendant, or at such other time and place as the parties may agree and (2) that plaintiff's attorney personally pay $1,500 to defendant's attorney. Plaintiff's attorney shall pay said sum within 10 days after service upon him of a copy of the order to be made hereon, with notice of entry; in the event that either of these two conditions is not complied with, the order dated October 24, 1983, is reversed and the order dated January 26, 1984 is reversed, insofar as appealed from, with one bill of costs, and defendant's motions to dismiss the complaint are granted. ¶ CPLR 3126 provides for various possible penalties to be levied against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed, pursuant to notice". This provision has consistently been read as meaning that a pleading will not be struck as a penalty for failure to comply with disclosure, unless it has been shown that the failure was deliberate or contumacious (*Battaglia v Hofmeister,* 100 AD2d 833). ¶ Although the record does not support a finding of a deliberate or contumacious failure to comply with disclosure on the part of plaintiff or her attorney, there is no question that the serious history of delay in this case is attributable to plaintiff's attorney. Accordingly, we deem it appropriate to impose a sanction upon plaintiff's attorney and give both him and his client one last chance to appear at a scheduled examination before trial. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.