■ PHILIP ENGELDER, Plaintiff, v BARBARA C. WILLIAMS, as Administratrix of the Estate of HELEN M. CHAPIN, Deceased, Appellant, and LAWRENCE W. SCHOLES, as Sheriff of Allegany County, Respondent.—Order dated September 19, 1984 unanimously affirmed, without costs. Order entered September 24, 1984 unanimously reversed, on the law, without costs, and matter remitted to Supreme Court, Allegany County, for further proceedings, in accordance with the following memorandum: Lawrence W. Scholes, Sheriff of Allegany County, commenced a proceeding in Supreme Court seeking a determination that items of personalty seized pursuant to an execution to enforce certain judgments in favor of plaintiff are the property of the estate of Helen Mather Chapin and may be sold to satisfy the judgments. The administratrix of the estate, who is the residuary beneficiary, opposed the application claiming that many of the items levied upon belonged to her, personally, and were not estate property. Without taking any proof, Special Term ordered that if the judgments were not paid by a certain date, the property in the Sheriff's possession could be sold to satisfy the debts. This was error.

While defendant did not offer any proof as to the ownership of the property other than bald conclusions, the record indicates that she was not given the opportunity to do so or directed to submit evidence. Plaintiff asserts that the items levied upon by the Sheriff were checked against estate appraisals filed in the Allegany County Surrogate's office. That may well be, but the estate appraisals were not made a part of the hearing and are not contained in the record although the Sheriff's inventory is. If upon a rehearing the estate appraisal coincides with the Sheriff's inventory, that will be the end of the matter. Those items that appear on both lists may be sold. If this documentary evidence is not available or sufficient for the court to make a determination, a hearing must be conducted to establish the ownership of the items.

Because of the labored course of these proceedings, we emphasize that the sole issue to be determined is the ownership of the property seized.

Defendant also appeals from an order of Surrogate's Court, Allegany County, dismissing her petition which appears to be an attack on the underlying judgments previously granted by that court. For the purposes of that appeal we interpret her application as one to vacate the judgments, which were taken by default. The judgments were granted July 8, 1983 and filed in the Allegany County Clerk's office July 29, 1983. The record clearly indicates that defendant had timely notice of these judgments. Her application to vacate the judgments was made in September 1984. A motion to vacate a default judgment on the ground of excusable neglect must be made within one year of service of a copy of the judgment (CPLR 5015 [a] [1]). Having failed to move timely to vacate the judgments, defendant may not now attack the merits of the underlying judgments. We further note that had the application been timely, defendant has offered no meritorious defense to the actions that resulted in the judgments, nor any excuse cognizable in law which would warrant a vacatur. The court did not abuse its discretion in denying the petition. (Appeal from orders of Supreme Court and Surrogate's Court, Allegany County, Sprague, J.—property execution.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.