■ DEBRA A. DUFFETT, Appellant, v ROBERT B. DUFFETT et al., Respondents.—In a proceeding pursuant to CPLR 5239 and Debtor and Creditor Law article 10, the appeal is from an order of the Supreme Court, Suffolk County (Baisley, J.), dated May 8, 1984, which granted respondent Robert B. Duffett's motion to impose sanctions upon appellant for her failure to produce authorizations for school, medical, psychological and psychiatric records of the parties' infant daughter, and dismissed the proceeding.

Order reversed, on the facts and as a matter of discretion, with costs, proceeding reinstated, and motion to impose sanctions denied. The foregoing disposition is without prejudice to appellant, if she be so advised, to apply to Justice Gowan for renewal of that branch of the cross motion which sought discovery of the records in issue, in light of the assertion that it would be seriously detrimental to the child for respondent Robert B. Duffett to have access to these records.

The parties herein were married in August of 1971. The marriage produced one child, namely Stacey Duffett, who was born on March 24, 1972. In late 1979, the appellant, Debra Duffett, procured a judgment of divorce on the ground of cruel and inhuman treatment. This judgment, in addition to awarding Mrs. Duffett sole custody of the parties' infant daughter, also provided for the disposition of certain property acquired during the course of the marriage. After learning that respondent Robert B. Duffett had encumbered the aforementioned property by granting his attorneys a second mortgage and by signing a confession of judgment in favor of his father, appellant commenced the instant proceeding to determine the priority of her rights in said property.

Petitioner moved for a summary determination of the proceeding. In response, Mr. Duffett cross-moved, *inter alia,* for an order granting him access to various medical and psychiatric records of the child Stacey. On July 6, 1982, appellant was directed by order of the Supreme Court, Suffolk County (Gowan, J.), to furnish respondent Robert B. Duffett with the necessary authorizations for the release of the records sought to be examined. The order was affirmed by this court, without opinion *(see, Duffett v Duffett,* 97 AD2d 685), and leave to appeal to the Court of Appeals was denied by this court on March 20, 1984.

In March 1984, prior to determination of the application for leave to appeal to the Court of Appeals, respondent Robert B. Duffett moved for an order imposing sanctions upon appellant for her allegedly willful violation of Justice Gowan's order. By order dated May 8, 1984, his motion to impose sanctions was granted and the underlying proceeding was dismissed. This appeal ensued.

The imposition of the severe sanction of dismissal, under the unusual circumstances presented at bar, was an improvident exercise of discretion. Appellant's disregard of that portion of Justice Gowan's order which directed her to furnish the authorizations cannot be characterized as willful or contumacious *(see, Mancusi v Middlesex Ins. Co.,* 102 AD2d 846; *Battaglia v Hofmeister,* 100 AD2d 833). Significantly, Justice Gowan's order did not specifically state when the authorizations were to be furnished, nor did it impose any time limitations for delivery thereof. Moreover, the motion to impose sanctions was interposed while appellant was still in the process of seeking appellate review of this order. Thus, the record does not support a finding of contumacious behavior on the part of appellant, and it was, therefore, inappropriate for

Special Term to have dismissed the underlying proceeding, which was commenced for the sole purpose of resolving a dispute concerning the parties' interest in certain real property.

We additionally note that the foregoing disposition is without prejudice to appellant, if she be so advised, to apply to Justice Gowan for renewal of that branch of the cross motion which sought discovery of the records in issue, in light of the assertion that it would be seriously detrimental to the child for respondent Robert B. Duffett to have access to these records. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.