OPINION OF THE COURT
Peter Tom, J.
This case bring out the level of emotion often exhibited in the Housing Court.
*739 In this nonpayment proceeding there has been a history of prior litigation between petitioners and respondent in the Housing Court.
Petitioners’ son, Michael Grunberg, who is also the managing agent of the building, testified on behalf of petitioners in this proceeding.
On one of the trial days, a female friend of Michael Grunberg accompanied him to court. During a recess, Michael Grunberg came into the courtroom and asked the court to hold respondent’s attorney in contempt of court because he offended his female companion by allegedly calling her "sleazy.” Mr. Grunberg appeared excited and the court requested him to wait outside the courtroom since the court was conducting a conference.
After the court had adjourned the trial, the parties with their respective attorneys and entourage left the courtroom.
Within a matter of seconds after the parties had departed, there was a loud, crashing sound outside the courtroom causing all individuals in the court to exit into the lobby. The court does not recall ever seeing a courtroom emptied so quickly even during unannounced fire drills.
The court later learned that a physical altercation took place outside the courtroom between Michael Grunberg and respondent’s attorney. The crashing sound was from the impact of both men hitting the wall and/or floor. It took five of the Civil Court’s finest (uniform court officers) to separate the two men. The parties were then brought up to the captain’s office of the Civil Court and escorted to the police station, 5th Precinct, where they were both issued criminal summonses for disorderly conduct.
Petitioners, in this motion, move for an order disqualifying respondent’s attorney and his law firm from representing respondent and declaring a mistrial of the proceeding. Petitioners contend that the conduct of respondent’s attorney during the course of this proceeding, and outside the court, has been so outrageous and prejudicial that it has tainted this proceeding to the extent of preventing the parties from receiving a fair trial.
Petitioners also move to join or consolidate a companion nonpayment proceeding (index No. 70584) with this case for the purpose of disqualifying the same attorney in that proceeding.
In support of this motion, petitioners’ attorney submitted an *740 affirmation setting forth different instances in which respondent’s attorney made discourteous and derogatory remarks to him in the court lobby, and in the presence of litigants and other persons with business in the court.
Some of the statements allegedly made by respondent’s counsel to petitioners’ lawyer included, "You don’t know what the f_- you are talking about,” and "Did you ever graduate from Law School?” On another occasion respondent’s attorney allegedly told him in milder language, "I’m going to kick your ass on this trial.”
In another instance when the parties could not agree on a mutual adjourned date respondent’s attorney allegedly called petitioners’ attorney, "a f_- asshole” in front of the elevators of the Civil Court lobby with approximately 15 people in the vicinity.
On two other occasions respondent’s attorney allegedly told petitioners’ counsel that "Your client is a f_- liar,” and "I am going to take a copy of this transcript to the District Attorney for perjury.”
Respondent’s attorney countered by accusing petitioners’ attorney of using similar language and charging that petitioners’ counsel used certain words said by respondent’s attorney out of context in his affirmation.
This case appears to be a case of first impression as to the issue of whether an attorney can be disqualified based on his alleged prejudicial conduct, including a physical altercation, committed during the course of a trial. The court has researched this issue and did not find any case on point.
The majority of cases involving a motion to disqualify an attorney from representing a party deal with conflict of interests where the attorney sought to be disqualified represented the adverse party in a prior proceeding or has in his or her possession confidential information which may be disclosed in the pending proceeding to the detriment of the adverse party. (Saftler v Government Employees Ins. Co., 95 AD2d 54 [1st Dept]; Carimati v Carimati, 94 AD2d 659 [1st Dept]; Schmidt v Magnetic Head Corp., 101 AD2d 268 [2d Dept]; Flaum v Birnbaum, 107 AD2d 1087 [4th Dept]; Ashbaugh v West 13th St. Owners, 77 AD2d 842 [1st Dept]; Chinatown Apts. v New York City Tr. Auth., 100 Misc 2d 495.)
The issue in this motion does not merely involve derogatory statements or profanity allegedly used by both attorneys or an altercation involving the lawyer. It has no bearing in this *741 motion as to who instigated the altercation or who took the first blow. The court is not making any judgment or implications as to who was at fault in this decision. The Disciplinary Committee of the Appellate Division of the Supreme Court is the proper forum to hear any complaints involving the misconduct of an attorney. (Judiciary Law § 90.)
The issue in this motion involves whether the conduct of respondent’s attorney has tainted this proceeding so as to prevent either or both parties from receiving a fair trial.
Every attorney admitted to the Bar must strictly follow and subscribe to the provisions of the Code of Professional Responsibility which was designed to protect the special relationship between attorneys and their clients. (Matter of Peltz, 23 AD2d 173; Greenwald v Zyvith, 23 AD2d 201.) Although the provisions of the code do not have the effect of statutory law, the court will enforce strict compliance of the provisions as a means of supervising proper professional conduct of attorneys. (Matter of Weinstock, 40 NY2d 1.)
While the Appellate Division has the exclusive power to discipline an attorney for misconduct, the trial court is vested with the authority to hear motions to disqualify an attorney based on violation of the lawyer’s Code of Professional Responsibility. (Judiciary Law § 90; Tru-Bite Labs v Ashman, 54 AD2d 345; Young v Oak Crest Park, 75 AD2d 956; Schmidt v Magnetic Head Corp., supra.)
A motion to disqualify an attorney may also be brought in the Supreme Court, Special Term, if no action is pending (De Cherro v Civil Serv. Employees Assn., 94 Misc 2d 72).
Based on what has transpired during the course of this proceeding, petitioners’ son, who is also the managing agent of the subject building, has become an adversary to respondent’s attorney in a criminal and disciplinary proceeding. The attorney’s personal involvement with Michael Grunberg will create a conflict of interest in the attorney’s continued representation of respondent. The court anticipates further criminal and civil litigation between respondent’s attorney, and Michael Grunberg and possibly petitioners. Petitioners’ attorney has informed the court that the attorney for respondent has threatened to file criminal charges and/or a lawsuit against Michael Grunberg.
The altercation between Mr. Grunberg and respondent’s counsel was not a minor scuffle in the lobby of the court. The lawyer alleged that he received medical treatment for a *742 concussion, lost a molar tooth and suffered lacerations in his mouth allegedly caused by the impact of a punch or punches received by him and his head hitting a door. He has allegedly incurred medical expenses and missed several days of work.
Mr. Grunberg has filed a complaint against respondent’s attorney with the Departmental Disciplinary Committee of the Supreme Court, Appellate Division, First Judicial Department.
Code of Professional Responsibility, Canon 5 provides that an attorney must avoid any conflict of interests in his representation of his client. An attorney should not undertake to represent a client if his independent judgment is likely to be impaired by extraneous factors. (Greene v Greene, 47 NY2d 447.)
Code of Professional Responsibility, EC 5-1 provides "[t]he professional judgment of a lawyer should be exercised, within the bounds of the law, solely for the benefit of his client and free of compromising influences and loyalties. Neither his personal interests, the interests of other clients, nor the desires of third persons should be permitted to dilute his loyalty to his client.”
Respondent’s attorney has already indicated that he may compromise his judgment in the representation of his client. During the hearing of this motion respondent’s attorney informed the court that he will not cross-examine petitioners’ rebuttal witnesses including Michael Grunberg so as to avoid a direct confrontation with him in an attempt to dissuade the court from granting the instant motion. This would be a clear breach of the attorney’s professional obligation to his client.
The rebuttal witnesses, which will include Zvi Grunberg, Michael Grunberg and the superintendent of the building, will rebut the testimony of respondent regarding his defenses of building violations and failure of petitioners to serve a three-day demand for rent. These items are respondent’s entire defense. If the rebuttal witnesses are allowed to testify to their hearts’ content without being subject to cross-examination by respondent as to the truth or veracity of their testimony, the rights of respondent will be prejudiced.
Furthermore, the court finds that respondent’s attorney will not be able to separate the fine line between his own interest and the interest of his client if he is allowed to continue to represent respondent.
Respondent’s attorney has shown little self-restraint or *743 respect for court procedure or his adversary during the course of this trial. The court has warned respondent’s attorney on numerous occasions regarding his improper interruption of petitioners’ counsel during his examination of witnesses and for his interruption of witnesses during their testimony. The court has even threatened to hold him in contempt of court on a few occasions.
There is a clear distinction between an attorney who zealously represents the interests of his client which the court applauds and an attorney who makes unnecessary voir dires, objections, accusations and arguments just for the purpose of harassing and interrupting his adversary. These tactics do not work to the advantage of the client but to his disadvantage. Respondent’s attorney as well as petitioners’ attorney have committed these tactics during the course of this trial and have protracted this fairly simple nonpayment proceeding into a lengthy trial.
Respondent’s attorney has also allegedly charged that Michael Grunberg has perjured his testimony regarding his service of the three-day demand for rent. A conflict of interests may also arise if respondent’s attorney seeks to prove this issue to discredit Michael Grunberg for his own interests and to gain an upper hand in pending proceedings or in future actions between Michael Grunberg and him. If this situation arises, it can also prejudice petitioners’ rights.
If there are any doubts as to the existence of a conflict of interests of a litigant’s attorney it should be resolved in favor of disqualification. (Narel Apparel v American Utex Intl., 92 AD2d 913.)
In this case, the court finds that there is a genuine conflict of interests in the attorney’s continued representation of respondent.
A litigant has a right to freely select an attorney of his or her own choice but such right is not paramount and must yield to the promotion and preservation of the highest standards of professional conduct of attorneys. (Silver Chrysler Plymouth v Chrysler Motors Corp., 518 F2d 751; Greene v Greene, supra.)
Although there exists a conflict of interests in the attorney’s representation of respondent, this conflict does not extend to the law firm. The attorney’s involvement which created the conflict is a personal involvement and is not, in any manner, related to the law firm.
*744 Accordingly, that portion of petitioners’ motion for an order disqualifying the attorney and his law firm is granted only to the extent of disqualifying respondent’s attorney from representing respondent. The law firm, if respondent so desires, may continue to represent him.
Even though respondent has rested his case, this trial is far from over. Petitioners will call rebuttal witnesses who will rebut in length, as informed by petitioners’ attorney, the testimony of respondent which was very lengthy.
To allow another attorney from this law firm to continue the representation of respondent at this stage will be prejudicial to the rights of respondent. The court has no choice but to declare a mistrial of this proceeding pursuant to CPLR 4402.
Therefore, that portion of petitioners’ motion declaring a mistrial of this proceeding is granted.
Petitioners’ motion to join or consolidate case No. 705884/85 with this proceeding for the purpose of disqualifying the same attorney in that proceeding is denied as being premature since that proceeding has not been scheduled for trial. This motion is denied without prejudice to petitioners’ rights to renew this motion at such timé as when the proceeding is scheduled for trial.