■ ISRAEL WEINSTOCK, Respondent-Appellant, v ESTHER M. WEINSTOCK, Appellant-Respondent.—In an action for a conversion divorce, the defendant wife appeals from an order of the Supreme Court, Queens County (Glass, J.), dated June 20, 1985, which granted that branch of the plaintiff husband's motion which sought a stay of discovery proceedings and from so much of an order of the same court, dated October 15, 1985, as denied her motion for summary judgment. The plaintiff husband cross-appeals from so much of the order dated October 15, 1985, as denied his cross motion for summary judgment and appeals, as limited by his brief, from so much of an order of the same court, dated November 4, 1985, which, upon renewal of his cross motion for summary judgment, adhered to its original determination.

Cross appeal from that branch of the order dated October 15, 1985 which denied the plaintiff's cross motion for summary judgment, dismissed, without costs or disbursements. That branch of the order was superseded by the order dated November 4, 1985, made upon renewal.

Order dated November 4, 1985, affirmed insofar as appealed from, without costs or disbursements.

Order dated October 15, 1985, affirmed insofar as appealed from by the defendant, without costs or disbursements.

Order dated June 20, 1985 modified to the extent that only discovery as to the plaintiff's financial circumstances for the period subsequent to January 17, 1983 is stayed. As so modified, order affirmed, without costs or disbursements. The deposition of the plaintiff as to his and the parties' joint income and assets prior to January 17, 1983, pursuant to the notice dated April 29, 1985, shall proceed at a time and place to be set forth in a notice of not less than 10 days, to be given by the defendant or at such other time and place as the parties may agree.

The court properly determined that neither party should be granted summary judgment in this conversion divorce action since there are triable issues of fact as to the validity of the separation agreement *(see, Angeloff v Angeloff,* 56 NY2d 982; *Christian v Christian,* 42 NY2d 63).

Although the plaintiff's present financial circumstances are not relevant until a final determination is made as to the validity of the separation agreement, the plaintiff should be required to disclose his income and assets for the three-year period prior to execution of the separation agreement *(see, Potvin v Potvin,* 92 AD2d 562). Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.