■ HARRY T. FARRAR, Respondent, v ROLAND ARCHER et al., Appellants.—Order unanimously reversed, on the law, without costs, and motion denied. Memorandum: The court abused its

discretion by vacating an order of preclusion and two orders of summary judgment upon the ground of excusable default (CPLR 5015 [a] [1]). To obtain relief on this ground, plaintiff was obliged to show a reasonable excuse for his default and a meritorious cause of action *(Engelder v Williams,* 112 AD2d 738; *Klenk v Kent,* 103 AD2d 1002, *appeal dismissed* 63 NY2d 953). Plaintiff has shown neither.

The proffered excuse for continual defaults was that the attorney of record referred the case to another attorney who, by reason of alcoholism, completely neglected the matter. That excuse is inadequate. An attorney of record cannot absolve himself of responsibility to his client by merely transferring the file and thereafter blindly presuming that all is well, particularly where, as here, all notices of default were served on him and, in the exercise of due care, he should have made significant inquiry *(see,* Mallen & Levit, Legal Malpractice § 36 [2d ed]).

Additionally, plaintiff failed to submit an affidavit with specific allegations of evidentiary facts to establish a meritorious cause of action. His conclusory allegation that a good cause of action exists is insufficient *(see, Canter v Mulnick,* 93 AD2d 751, 752, *affd* 60 NY2d 689). Although a verified complaint may be treated as an affidavit of merits (CPLR 105 [t]), the allegations in the complaint were conclusory and thus inadequate for such purpose *(Klenk v Kent,* 103 AD2d 1002, *supra).* (Appeals from order of Supreme Court, Chautauqua County, Cass, J.—vacate judgment.) Present—Callahan, J. P., Denman, Boomer, Pine and Balio, JJ.