■ KARIN DEMIS, Respondent, v D. JOSEPH DEMIS, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered November 23, 1988 in Albany County, which, *inter alia,* granted plaintiff's motion for temporary maintenance and child support.

The parties were married on April 13, 1968. There are four teen-age children of the marriage, the oldest of whom attends college on a full-time basis. The parties entered into a post-nuptial agreement in August 1970 which provided, as is relevant to this appeal, that in the event the parties separated, defendant would provide plaintiff with spousal support, payable in a lump sum of $10,000 and an additional $150 per month for a period of two years, and child support of $200 per month for each of their children. Plaintiff commenced this action for a divorce in December 1987 seeking, *inter alia,* to set aside the postnuptial agreement, and in July 1988 brought this motion for temporary maintenance and child support. Supreme Court awarded plaintiff temporary maintenance of $2,500 per month and temporary child support of $500 per month for each of the three children living with plaintiff, to be reduced by 30% if defendant continued to provide housing for plaintiff and the children, and directed defendant to pro-

vide health insurance for and pay all reasonable and necessary medical and dental expenses of plaintiff and the children, and to provide plaintiff with the use of an automobile. Defendant appeals.

Initially, we agree with defendant's contention that the postnuptial agreement bars an award of temporary maintenance. Where, as here, there is an existing agreement which controls the respective support obligations of the parties, support is not in issue in a subsequent matrimonial action unless and until the support terms of the agreement are set aside (see, Oberstein v Oberstein, 93 AD2d 374, 376; Bennett v Bennett, 56 AD2d 782, 783; Moat v Moat, 27 AD2d 895, 896; see also, Demis v Demis, 150 AD2d 835). Our vacatur of Supreme Court's award of maintenance is based upon the fact that defendant had been voluntarily paying plaintiff $300 per week, without 30% reduction, as well as providing her household expenses, health insurance, reimbursement for necessary uncovered medical and dental expenses, and the use of a reliable automobile, which we deem to be necessary for plaintiff's fundamental support (see, General Obligations Law § 5-311; Moat v Moat, supra).

However, Supreme Court was not bound by the child support provisions of the agreement (see, Moat v Moat, supra), and the record amply supports the necessity for such an award. Although this court, on a prior appeal in this action, relieved defendant of the obligation to disclose his current financial condition pending determination of plaintiff's claim that the postnuptial agreement is invalid (Demis v Demis, supra), plaintiff was able to make an uncontroverted factual showing that defendant, a physician, has an annual income in excess of $300,000, bank and brokerage accounts valued at over $300,000, and extensive real estate holdings, including a residential complex on 42 acres of land with two homes and a fully equipped gymnasium, with an indoor basketball court, racquetball court and pool.

In light of defendant's demonstrated ability to pay an award of child support, the life-style which the children have come to expect and the fact that plaintiff is unable to contribute to their financial needs, the level of child support provided for in the parties' postnuptial agreement is wholly inadequate. Additionally, defendant's voluntary contribution of $300 per week, inadequate of itself to fulfill even plaintiff's basic needs, provides no support for the children. Although plaintiff's financial statement left much to be desired, and we do not approve of Supreme Court's methodology, there was nonethe-

less adequate evidentiary support in the record for the award of child support. "The best resolution a court can reach, with the aid of whatever intuitive judgment can be brought to bear on the sifting of utterly irreconcilable affidavits, is rough approximation" (Shapiro v Shapiro, 8 AD2d 341, 342).

Order modified, on the law, without costs, by reversing so much thereof as made an award of temporary maintenance, and, as so modified, affirmed. Casey, J. P., Levine, Mercure and Harvey, JJ., concur.