■ KARIN DEMIS, Respondent, v D. JOSEPH DEMIS, Appellant.—Mercure, J. Appeals (1) from an order of the Supreme Court (Prior, Jr., J.), entered October 18, 1989 in Albany County, which, *inter alia,* partially granted defendant's motion to disqualify plaintiff's counsel, and (2) from an order of said court, entered February 14, 1990 in Albany County, which required defendant to remit specific counsel fees.

Plaintiff and defendant were married in April 1968. In August 1970, they executed an agreement which provided, *inter alia,* for support, property distribution and payment of counsel fees in the event of the breakup of their marriage. The agreement was drafted by two associates of the predecessor law firm to Tabner and Laudato. In December 1987, plaintiff, represented by the firm of Tabner and Laudato, commenced this action for divorce seeking, *inter alia,* to set aside the postnuptial agreement. This court vacated plaintiff's subsequent demand for a current statement of net worth upon the ground that, so long as the support and property distribution provisions of the postnuptial agreement remain in effect, defendant's current financial condition is not an issue (150 AD2d 835). Plaintiff then sought temporary maintenance and child support and we determined that the postnuptial agreement barred an award of temporary maintenance, but that Supreme Court was not bound by the child support provisions of the agreement (155 AD2d 790).

In December 1988, defendant moved to disqualify plaintiff's counsel and plaintiff thereafter cross-moved for preclusion based upon defendant's failure to provide a pre-1970 sworn statement of net worth. Supreme Court disqualified the firm of

Tabner and Laudato from representing plaintiff upon condition, *inter alia,* that their associate, William Ryan, Jr., could continue to represent plaintiff until new counsel became fully familiar with the matter and be reasonably consulted thereafter. Supreme Court also granted the cross motion, determining, among other things, that plaintiff's allegations concerning the circumstances surrounding her execution of the 1970 agreement be deemed admitted as alleged in paragraphs 16 and 17 of the complaint.* Finally, Supreme Court directed defendant to pay (1) $16,975 to the law firm of Tabner and Laudato for legal services performed prior to its disqualification, (2) $1,700 to the same firm for services provided by Ryan during the transition period, and (3) $11,062.50 as a retainer for plaintiff's new counsel, Sommers and Sommers. Defendant now appeals.

Defendant's initial argument is that Supreme Court erred in imposing conditions upon the disqualification of plaintiff's counsel. We disagree. We note at the outset that Supreme Court properly disqualified the firm of Tabner and Laudato, recognizing the existence of an appearance of impropriety *(see, Cardinale v Golinello,* 43 NY2d 288, 295-296; *Rotante v Lawrence Hosp.,* 46 AD2d 199). Nonetheless, Supreme Court considered the "totality of circumstances" *(Lopez v Precision Papers,* 99 AD2d 507, 508) and aptly balanced defendant's right to be free from the apprehension of prejudice against plaintiff's interest in retaining counsel of her choice. In view of the limited nature of Ryan's continued involvement, the complex nature of this litigation, the absence of demonstrable prejudice to defendant, defendant's delay in seeking disqualification, and the fact that Ryan was not employed by the firm at the time the 1970 agreement was drafted and that the attorneys who did draft the document are no longer employed by the firm, it cannot be said that Supreme Court improvidently exercised its discretion in shaping a remedy "assur[ing] fairness to the parties and integrity to the judicial process" *(Ross v Great Atl. & Pac. Tea Co.,* 447 F Supp 406, 409; *see, Lopez v Precision Papers, supra).*

---

* Paragraphs 16 and 17 provide:

"16. At the time of the execution of the agreement, the defendant did not fully explain to plaintiff the true intent and import of said agreement and did not explain to her the consequences of the legal terms and phrases contained in said agreement, all of which plaintiff did not fully understand."

"17. Because of the circumstances existing at the execution of the agreement, the agreement was executed by plaintiff unadvisedly, imprudently, and under the duress of the defendant."

Defendant also alleges that Supreme Court abused its discretion in making the awards of counsel fees. First, relying upon *Carimati v Carimati* (98 AD2d 644), defendant argues that he should not be required to pay counsel fees to attorneys who have been disqualified because of an appearance of impropriety. Second, defendant asserts that the provision in the agreement, "[t]hat in the event that legal action becomes necessary, each of the parties hereto shall assume payment of his or her legal fees in relation to same", is "binding on the parties, unless and until [it is] put aside" *(Christian v Christian,* 42 NY2d 63, 71). We agree with defendant's second argument and, thus, need not address the assertion that the disqualification of counsel bars an award of counsel fees. It is well settled that where, as here, there is a valid and subsisting agreement which controls the obligations of the parties, an award of counsel fees is foreclosed until the agreement has been set aside *(see, Christian v Christian, supra; Oberstein v Oberstein,* 93 AD2d 374, 376; *Marans v Marans,* 27 AD2d 735; *cf., Pelkey v Pelkey,* 79 AD2d 835, 836, *lv denied* 53 NY2d 601 [agreement did not by its terms foreclose an award of counsel fees]).

Finally, we agree with defendant that Supreme Court exceeded its discretion in granting an unconditional order of preclusion on the central issues in the action, the functional equivalent of striking defendant's answer. "Although the penalty to be imposed for failure to disclose * * * is largely within the discretion of [the trial court]", a party should not be denied his day in court except upon a "clear demonstration that the failure to disclose was willful and contumacious" *(Grabow v Blue Eyes,* 123 AD2d 155, 158 [citations omitted]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:7, at 646). In our view, given the absence of any stated time limitations for delivery of the preagreement finances *(see, Duffett v Duffett,* 114 AD2d 994, *appeal dismissed* 67 NY2d 754), the record does not support a finding of a deliberate and contumacious failure *(see, supra).* Under the circumstances, the drastic sanction imposed by Supreme Court, dispositive of plaintiff's action to set aside the agreement, is inappropriate. Defendant should be provided with one final opportunity to disclose. Nonetheless, we deem it appropriate to impose a sanction upon defendant in the amount of $3,500 *(see, Mancusi v Middlesex Ins. Co.,* 102 AD2d 846; *see also,* CPLR 3126; *Mrs. London's Bake Shop v City of Saratoga Springs,* 144 AD2d 749, 750).

Order entered October 18, 1989 modified, on the law and the

facts, without costs, by deleting the second decretal paragraph thereof upon condition that defendant provide the pre-1970 statement of net worth and pay a sanction in the amount of $3,500 to plaintiff's attorney within 10 days of the entry of the order hereon, and, as so modified, affirmed.

Order entered February 14, 1990 reversed, on the law, without costs, and plaintiff's application for counsel fees denied without prejudice to reapplication consistent with this court's decision. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.