OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
The parties on consent have requested this court to consider this matter based upon oral application of the District Attorney and oral opposition by the defendant’s attorney. The parties on consent stipulated that this court may consider the motion made and response thereto in the case of People v Dominguez, and opinion No. 615 of the Committee on Professional Ethics, which said opinion is dated January 29, 1991 *467 (No. 37-90). This court, for the reasons stated below, finds it unnecessary to review the Dominguez matter, which involves a motion to preclude the firm of Ferraro, Goldstein, Yatto and Zugibe from appearing as counsel in that case.
The issue presented in the case at bar is whether the above-named law firm may continue to represent Richard Gelbman, the defendant herein, despite the fact that one of the attorneys in the said law firm is a police officer employed by the Town of Clarkstown Police Department. An additional factor distinguishing this case from the Dominguez case (supra) is that the defendant at the time of the alleged commission of the offense charged, namely, assault in the third degree (Penal Law § 120.00 [1]), was also a civilian employee of the Town of Clarkstown Police Department as a radio dispatcher. The specific issues to be resolved are twofold: (1) Whether the representation by the law firm under the facts set forth above warrant disqualification as a matter of law or professional ethics; and (2) if the above law firm in representing the defendant would be committing a violation of professional ethics, must this court act to order disqualification of the said law firm.
Opinion No. 615 was made in response to the law firm’s inquiry of the Commission on Professional Ethics in the related case of People v Dominguez (supra). The Commission in its opinion held as follows: "Thus we find that DR 5-101 (A) renders impermissible the lawyer’s representation of criminal defendants. Since the lawyer-police officer is not permitted to represent criminal defendants by virtue of DR 5-105 (A), the lawyers with whom the lawyer is associated are likewise prevented from doing so. DR 5-105 (D). We note that DR 5-105 (D) does not provide an exception that would permit a firm to avoid disqualification by screening the individually disqualified lawyer from participation in the proposed representation.” (Op. cit., at 3.)
In the case at bar, a fortiori, the opinion applies. The facts in the instant case provided the possibility of an added conflict of interest relating to both, the employment of the police officer (who is still presently employed by the Clarkstown Police Department) and the defendant, who is not presently employed by the Clarkstown Police Department, but who was so employed at the time of the incident. The opinion cited stated in pertinent part that it is "impermissible for the firm to practice criminal law in the Town and Village Courts because it would be inappropriate for the Police Officer per *468 sonally to represent criminal defendants”. (Opn No. 615, op. cit., at 2.) The opinion goes on to state that, "no matter how earnest and complete a defense a lawyer provides, there is an obvious danger that a convicted defendant will believe that his defense was inadequate because of the lawyer’s bias as a Police Officer. Conversely, the public might lose faith in the criminal justice system if it believes that the lawyer was employed in the hope that the lawyer’s position as a Police Office [sic] might enable the lawyer to obtain a more lenient treatment for the defendant. A police officer is widely viewed as a representative of the People. We believe that the representation of a criminal defendant by a police officer could lessen public confidence in the integrity of the criminal justice system”. (Opn No. 615, op. cit., at 2.)
Further in the case at bar, the defendant’s former position as an employee of the police department, in the opinion of this court, would create a situation where the "public might lose faith in the criminal justice system if it believes that the lawyer was employed in the hope that the lawyer’s position as a [pjolice [o]ffice[r would result in favorable] * * * treatment [to this] * * * defendant”, and more importantly, infect the prosecution of this case given that a "representative of the People” was actually maintaining a position adverse to the interests of the People and his own police department which conducted the arrest in the instant case. For the reasons stated in opinion 615 this court finds that it would be improper for the law firm to represent this defendant. (See also, Code of Professional Responsibility DR 5-105 [A], [D].)
Absent withdrawal of the attorneys in this case, the remaining issue to be resolved is whether this court must order the firm’s disqualification and removal. The Code of Judicial Conduct, canon 1, states that "A Judge Should Uphold the Integrity and Independence of the Judiciary”. Canon 3 (B) (3) under administrative responsibilities mandates that "[a] Judge should take or initiate applicable disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware.” The commentary to this section states that disciplinary measures may include reporting a lawyer’s misconduct to an appropriate disciplinary board. The Code of Judicial Conduct requires a court to intervene to ensure that the integrity and respect for the system is preserved and enhanced. A court cannot countenance actions, on the part of an attorney, which are unethical, and in violation of the attorney’s canon of ethics creating an appearance of *469 impropriety. (See, Rules of App Div, 2d Dept, 22 NYCRR 691.2; Grunberg v Feller, 132 Misc 2d 738; Matter of Hof, 102 AD2d 591.) A court cannot stand idly by and allow a violation of law or ethics to take place before it. (Nichols v Village Voice, 99 Misc 2d 822.)*
The law firm is hereby disqualified from representing this defendant before this court.
Based upon the foregoing analysis the law firm is hereby disqualified from representation of any criminal defendant before this part of the court, and it is further ordered that the law firm shall notify each defendant of this decision and order, and shall advise each defendant to appear before this court on the various dates previously set in each case with new counsel.
Defendant is ordered to appear before this court with new counsel, on April 17, 1991 at 1:30 p.m. for a pretrial conference. Defendant is ordered to forthwith appear at the Clarkstown Police Department for processing on the charge in question.

 It must be noted, that the attorneys have agreed to abide by the Code of Ethics and in fact they themselves initiated and sought the opinion from the Committee on Professional Conduct.