■ ESTHER WILSON, Respondent, v DAVID K. WILSON, Appellant, et al., Defendant.—In an action, *inter alia*, for a divorce and ancillary relief, the defendant David K. Wilson appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated August 22, 1989, as granted that branch of the plaintiff wife's motion which was to strike his answer on the ground that he had wilfully failed to furnish a court-ordered accounting to the extent of directing that his answer would be stricken upon his failure within 45 days to furnish the accounting, and awarded the plaintiff's counsel the sum of $3,000 in counsel fees, to be paid by the defendant.

Ordered that the order is modified, by deleting the first decretal paragraph thereof, and substituting therefor a provision providing that the attorney for the defendant David K. Wilson, Anis A. Siddiqi, shall pay the sum of $3,000 to the attorney for the plaintiff, James Hartmann, as and for the plaintiff's counsel fees; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff; the time for Anis A. Siddiqi to pay the $3,000 is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The Supreme Court did not improvidently exercise its discretion by issuing a conditional order striking the appellant's answer in the event he should fail within 45 days to furnish a previously court-ordered accounting *(see, Adinolfi v Adinolfi,* 168 AD2d 401; *Unity Mfg. Corp. v St. Paul Fire & Mar. Ins. Co.,* 97 AD2d 462). In addition, the imposition of a monetary sanction, in the form of an award of counsel fees, was appropriate *(see, Demis v Demis,* 168 AD2d 840; *Keingarsky v*

*Keingarsky,* 145 AD2d 537). However, under the circumstances, the sanction should be paid by the appellant's counsel, and the order has been modified accordingly. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.