■ ROBERTA COHEN, Respondent, v MURRAY COHEN, Appellant. [644 NYS2d 831] —Casey, J.

Defendant contends that Supreme Court erred in denying his motion to vacate an order of preclusion which was entered upon defendant's repeated failures to comply with plaintiff's discovery demand for records and information regarding defendant's finances. Defendant contends that he was not fully aware of the need to produce his financial records and places the blame for his lack of compliance on his former attorney. The record, however, discloses that defendant was aware of his financial disclosure obligation no later than June 1992 when defendant, in opposition to plaintiff's request for an order of preclusion based upon defendant's failure to comply with plaintiff's discovery demands, stated that "[t]he interrogatories ask for voluminous documents which I am in the process of compiling". Defendant requested that he be given "a reasonable extension of time to respond". It is clear from the record that defendant was well aware of both the scope and immediacy of his obligation.

Based upon a preliminary conference at the end of June 1992, Supreme Court directed defendant to respond by mid-August 1992. The court subsequently entered a conditional order of preclusion based upon defendant's failure to comply with the original directive. Despite the extension granted by the conditional order of preclusion, defendant again failed to comply. Over plaintiff's strenuous objections, defendant was given another extension. Defendant again failed to respond in any way until months later when he moved to vacate the order of preclusion.

Pursuant to Domestic Relations Law § 236 (B) (4), disclosure of a party's financial status is compulsory in all matrimonial actions in which alimony, maintenance and support are in issue, and noncompliance is punishable by any or all of the penalties prescribed in CPLR 3126, which includes an order of preclusion (see, CPLR 3126 [2]). Relying upon Demis v Demis (168 AD2d 840, lv dismissed 78 NY2d 1007), defendant contends that Supreme Court improvidently exercised its discretion by imposing the drastic penalty of preclusion. In Demis v Demis (supra), the trial court granted an unconditional order of preclusion upon a party's failure to provide a sworn statement

of net worth and this Court held that the party should be given one final opportunity to disclose. Here, in contrast, defendant was initially given an extension when he failed to respond to plaintiff's demand. Defendant again failed to respond and Supreme Court entered a conditional order of preclusion which gave defendant additional time to disclose, and the court thereafter granted defendant another extension of time. In these circumstances, defendant is not entitled to one final opportunity to disclose (*see, Fucci v Fucci*, 166 AD2d 551). As the party seeking to vacate the order of preclusion, defendant bore the burden to demonstrate a reasonable excuse and a meritorious defense (*see, D'Agostino v Chersevani*, 216 AD2d 435, *lv dismissed and lv denied* 86 NY2d 883). We find defendant's claims insufficient to meet his burden, despite the less rigorous application of the requirements in matrimonial actions (*see, Ryan v Ryan*, 177 AD2d 895, 896).

Defendant contends that plaintiff should also have been precluded from presenting certain evidence at trial because of her failure to comply with defendant's disclosure demand. Defendant never moved for preclusion, however, and in the absence of any disclosure demand directed at plaintiff, the record provides no basis for defendant's claim in any event.

At trial, plaintiff's expert offered an opinion as to the value of two of defendant's three businesses based upon the sparse financial data available. During cross-examination, defense counsel sought to challenge the weight and sufficiency of the expert's opinion by questioning her about the nature and extent of the financial data used by her to form her opinion. Defendant contends that Supreme Court erred in curtailing defense counsel's cross-examination of the expert. Supreme Court based its ruling upon the conclusion that the expert could not effectively respond to the questions because the necessary information was included in the financial records and information that defendant had failed to disclose. We see no error in the ruling.

Nor do we see any error in Supreme Court's reliance upon the expert's estimates in resolving the economic issues (*cf., Ryan v Ryan, supra*, at 897). We do, however, agree with defendant's claim regarding the 20% "penalty" which the court added to the value of the businesses due to defendant's failure to disclose the records and information relevant to the valuation issue. An order of preclusion was entered as a result of defendant's failure to disclose, and we see no authority in either Domestic Relations Law § 236 (B) or CPLR 3126 for the "penalty" imposed by Supreme Court.

Despite the erroneous addition of the "penalty" in valuing defendant's businesses, we see no reason to disturb Supreme Court's award which distributed the businesses to defendant and the marital home to plaintiff. Having failed to produce the records and information which would have produced the most accurate valuation of the businesses, defendant cannot complain that the award of the businesses to him and the marital residence to plaintiff was not an accurate division of marital assets. In any event, the absence of mathematical precision is not fatal, for equitable distribution does not necessarily mean equal distribution (see, e.g., Arvantides v Arvantides, 64 NY2d 1033, 1034). Based upon our review of the record, and considering the relevant factors (see, Domestic Relations Law § 236 [B] [5] [d]), we conclude that Supreme Court's award constituted a fair and equitable distribution of the marital property.

We also reject defendant's final contention that Supreme Court erred in finding certain real property to be marital property. There is sufficient evidence in the record to support Supreme Court's finding, which is based in part on a credibility determination. The judgment should be affirmed.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.