■ JOYBETH HARTLOFF, Respondent, v ROBERT L. HARTLOFF, JR., Appellant. (Appeal No. 1.) [745 NYS2d 361] —Appeal from a judgment of Supreme Court, Cattaraugus County (Nenno, J.), entered April 13, 2000, granting a divorce in favor of plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this action for divorce, plaintiff moved to compel defendant to comply with her discovery demands and

to preclude him from participating in the financial aspects of the action based on his noncompliance. After ordering defendant to comply with those demands and defendant's failure to do so, Supreme Court issued an order and judgment that, inter alia, precluded defendant from participating in the financial aspects of the action and directed that all issues relevant to defendant's statement of net worth be resolved in favor of plaintiff (*see* CPLR 3126). Defendant appeals from a judgment that, inter alia, denied his motion pursuant to CPLR 5015 (a) (1) to vacate "the finding of default." We conclude that the court properly denied defendant's motion, but should have done so without considering the merits of the motion. "[W]here the default is predicated upon CPLR 3126, an appeal of that order or judgment is the proper and sole remedy for the defaulting party" (*Pinapati v Pagadala,* 244 AD2d 676, 677; *see Miller v Lanzisera,* 273 AD2d 866, 868, *appeal dismissed* 95 NY2d 887, *rearg denied* 96 NY2d 731; *Tony's Ornamental Iron Works v National Bldg. & Restoration Corp.,* 237 AD2d 909, 909). Defendant was on notice of plaintiff's motion pursuant to CPLR 3126 to compel and preclude, and thus his sole remedy with respect to the order and judgment granting plaintiff's motion was a direct appeal therefrom. In any event, even assuming, arguendo, that CPLR 5015 (a) (1) applies, we conclude that the motion of defendant to vacate the preclusion order and judgment was properly denied because he failed to establish a reasonable excuse for the default and a meritorious defense (*see Koski v Ryder Truck,* 244 AD2d 872, 872-873; *Farrar v Archer,* 125 AD2d 953, 953-954, *lv dismissed* 69 NY2d 1038).

We reject defendant's contention that the oral stipulation resolving certain financial issues of the parties was invalid. Defendant signed an "Affidavit of Appearance and adoption of Oral Stipulation" in which he acknowledged that he was represented by counsel and that the terms of the stipulation were fully explained to him and understood by him. He acknowledged that he freely and voluntarily agreed to the terms of the oral stipulation with the advice of counsel and "without force, fraud or duress." There is no evidence in the record to support defendant's contention that the oral stipulation does not comply with Domestic Relations Law § 236 (B) (3) (*see generally Matisoff v Dobi,* 90 NY2d 127, 132-133; *Sorge v Sorge,* 238 AD2d 890, 890) or should otherwise be set aside (*see Ashcraft v Ashcraft* [appeal No. 2], 195 AD2d 963, 963-964; *see generally Natole v Natole,* 256 AD2d 558, 559).

Finally, we reject defendant's contention that the court erred in its valuation of a business in which defendant held an

interest. Plaintiff submitted documents supporting the court's determination, and defendant cannot complain that the valuation of the business and his interest in it is unfair after he failed to disclose the requested financial documents (*see Cohen v Cohen*, 228 AD2d 961, 963; *Kelly v Kelly*, 223 AD2d 625, 626, *lv dismissed* 88 NY2d 875, *lv denied* 90 NY2d 802). Present— Hayes, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.