OPINION OF THE COURT
William R. Geiler, J.
It appears that this is a case of first impression under New York’s equitable distribution law. The issue to be resolved is whether a spouse who procures a divorce in a foreign jurisdiction prior to the enactment of the equitable distribution law (L 1980, ch 281, eff July 19,1980) wherein she did not seek a direction as to disposition of marital property or an award of maintenance, may now seek to avail herself of the benefits of the new statute. The court answers the question in the negative.
Plaintiff moves by way of order to show cause for' an order granting comity to a certificate of pronouncement of divorce issued by the Judicial District of Santiago and converting said pronouncement into a New York judgment of absolute divorce pursuant to CPLR 3213. Plaintiff further moves for an order, inter alia, awarding her maintenance and child support, and for a direction as to the disposition of certain jointly owned property. A summons and complaint have been served. Said pronouncement is dated October 21,1979, and it does not provide for maintenance, child support or disposition of property.
*315 Section 236 (part B, subd 2) of the Domestic Relations Law provides, in effect, that, except as provided in section 236 (part B, subd 5) of the Domestic Relations Law relating to the disposition of property in certain matrimonial actions, the provisions of part B of section 236 of the Domestic Relations Law are applicable to the designated matrimonial actions. Significantly, section 236 (part B, subd 2), additionally, expressly states that said part B is also applicable “to proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce,” commenced on or after the July 19,1980 effective date of part B of section 236 of the Domestic Relations Law.
Section 236 (part B, subd 5, par a) of the Domestic Relations Law provides in substance that, except where the parties have provided in an agreement for the disposition of their property, pursuant to section 236 (part B, subd 3) of the Domestic Relations Law, the court, in any of the designated matrimonial actions brought under part B of section 236 of the Domestic Relations Law shall determine the parties’ respective rights to their separate and marital property and provide for its disposition in the final judgment.
It has been suggested that the statutes regarding disposition of property and awards of maintenance following a foreign judgment of divorce are vague (see 11C Zett-Kaufman-Kraut, NY Civ Prac, par 60.13). In a published report which generally explained the equitable distribution statute, the author thereof concluded that a proceeding to obtain maintenance or a distribution of property following a foreign judgment of divorce was included in said statute “to make sure that a spouse’s economic rights are not foreclosed by an out-of-state ex parte divorce procured by the other spouse” (see Foster, Reports, Proposals and Rulings, An Explanation of the New York Equitable Distribution Law, 6 Family L Rptr 2651, July 15,1980). Indeed, in two recent cases, the Supreme Court of Westchester County spoke to such issues (Bentil v Bentil, NYLJ, May 22, 1981, p 15, col 3; Wolstencroft v Wolstencroft, NYLJ, Aug. 21, 1981, p 16, col 4).
Under the law as it existed prior to the enactment of the equitable distribution law, the Family Court was empow *316 ered to modify the alimony provisions of foreign decrees “irrespective of the grounds upon which the decrees were granted.” (Matter of Seitz v Drogheo, 21 NY2d 181, 185; see, also, Family Ct Act, former § 466, subd [c] [L 1965, ch 355, eff Sept. 1,1965].) While subdivision (c) of section 466 of the Family Court Act did not directly confer this jurisdiction on the Supreme Court, article VI of the New York Constitution automatically vested such jurisdiction in the Supreme Court because modification of foreign alimony awards was a new class of action created by the Legislature {Matter of Seitz v Drogheo, supra, p 186). Subject matter jurisdiction could not, however, be based on section 466 of the Family Court Act as applied to the Supreme Court by article VI of the New York Constitution because the Court of Appeals, by a bare 4 to 3 majority, in Matter of Silver v Silver (36 NY2d 324) held that the Legislature did not intend section 466 of the Family Court Act to empower the Family Court to award alimony when the spouse is not currently entitled to any maintenance under the existing foreign divorce decree (see, also, Wertheimer v Wertheimer, 50 AD2d 879; Marshall v Mernyk, 99 Misc 2d 727).
With regard to disposition of the marital property, the court holds that since her foreign action was commenced prior to the enactment of the equitable distribution law, she is now precluded from seeking same since such a right did not exist at the time she commenced said action in the foreign court (see Valladares v Valladares, 80 AD2d 244). Indeed, in the Bertil and Wolstencroft actions, jurisdiction was obtained over the respective defendants in the foreign courts after the enactment of the equitable distribution law.
Finally, with regard to CPLR 3213, the cases permitting use of the procedural devices therein have dealt with some variety of commercial paper in which the party to be charged has formally and explicitly acknowledged an indebtedness (Interman Ind. Prods, v R.S.M. Electron Power, 37 NY2d 151, and the cases cited therein). The following documents were held not to be instruments for the payment of money only in that they were not commercial paper of any type: Savings account passbooks (Stern v *317 Chemical Bank, 83 Misc 2d 508); certain interests in real property (Kemp v Hinkson, 73 Misc 2d 76).
It is apparent that no claim is made for the payment of money based upon an instrument in writing. The use of CPLR 3213 to obtain the relief requested therefore is not warranted and, therefore, the request for said relief is denied.
Accordingly, the relief requested in this motion is denied except to the extent that the court grants comity to the certificate of the parties as it affects the marital status only (see Matter of Bachman v Mejias, 1 NY2d 575, based on concurring opn of Mr. Justice Frankfurter in May v Anderson, 345 US 528).