OPINION OF THE COURT
William R. Geiler, J.
Plaintiff herein had moved for an order granting comity to a certificate of pronouncement of divorce issued by the Judicial District of Santiago, Dominican Republic, and converting said pronouncement into a New York judgment of absolute divorce pursuant to CPLR 3213. Plaintiff had further moved for an order awarding her maintenance and a direction as to the disposition of certain jointly owned property. Said pronouncement was dated October 21,1979, and it did not provide for maintenance, child support or disposition of property. The court granted comity to said pronouncement and converted same into a New York judgment of divorce, but denied that branch of the motion which sought an order awarding plaintiff maintenance and disposition of marital property (Ramirez De Bouhana v Bouhana, 112 Misc 2d 314). Plaintiff now moves for an order awarding her child support for the one infant issue of the marriage. The court grants plaintiff’s motion.
Subdivision (a) of section 461 of the Family Court Act provides that a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under section 413 of the Family Court Act, and, in the absence of an order of the Supreme Court or of another court of competent jurisdiction requiring support of the child, the *301 Family Court may entertain a petition and make an order for its support. Of course, the Supreme Court may exercise its constitutional jurisdiction to entertain a support proceeding (Kagen v Kagen, 21 NY2d 532), but it is bound by the substantive and procedural rules set forth in article 4 of the Family Court Act (Pierot v Pierot, 49 AD2d 838).
Accordingly, notwithstanding the fact that the proceeding in the Dominican Republic was instituted prior to the enactment of the Equitable Distribution Law, and despite the fact that the pronouncement issued thereat was silent as to child support, a direction as to child support is not precluded, and the court awards plaintiff the sum of $50 per week for the support of the one infant issue of the marriage, said payments to commence on the first Friday after service of a copy of this order.