■ JEWEL LAZARUS, Also Known as JEWEL FOREMAN, Appellant, v ARTHUR LAZARUS, Respondent.—In an action to set aside a stipulation of the parties made in connection with the settlement of their previous matrimonial action and for increased child support, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated March 21, 1985, which, upon the defendant husband's motion for a protective order and to limit the scope of a deposition, and her cross motion, *inter alia,* to compel disclosure, (1) limited her examination before trial of defendant to the issue of fraud, and (2) precluded any discovery of defendant's financial condition until plaintiff established that the stipulation was fraudulently induced.

Order reversed, without costs or disbursements, and motion and cross motion granted to the extent that defendant is directed to produce at his deposition, and to permit discovery and inspection of, the documents requested for the period commencing three years prior to the date of the parties' stipulation, and the deposition of defendant may cover the issues of fraud, overreaching and duress and defendant's financial condition for the three years prior to the date the parties' stipulation was executed. The deposition and discovery and inspection shall proceed at times and places to be fixed in written notices of not less than 10 days, to be given by plaintiff, or at such other times and places as the parties may agree.

Plaintiff is entitled to examine defendant with respect to the allegations in her complaint regarding fraud, overreaching and duress. Plaintiff is entitled to discovery of defendant's financial condition at the time the stipulation was executed and for the three-year period preceding that date; discovery of his present financial condition is not warranted at this time *(see, Schisler v Schisler,* 106 AD2d 441; *Wiecek v Wiecek,* 104 AD2d 935; *Potvin v Potvin,* 92 AD2d 562).

Plaintiff has failed to set forth sufficient facts on her claim for increased child support to justify an inquiry into defendant's present financial condition. Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.