■ NAURA GEISER, Appellant, v THEODORE W. GEISER, Respondent.—Order of the Supreme Court, New York County (Hortense W. Gabel, J.), entered on May 8, 1984, which, *inter alia,* granted defendant's motion dismissing each of the causes of action in the complaint, is unanimously modified, on the law, to the extent of denying defendant's motion to dismiss the second, third and fourth causes of action in the complaint, and otherwise affirmed, without costs or disbursements.

Plaintiff and defendant were married on June 4, 1975, and separated in 1977. In December of 1978, the parties entered into a written separation agreement, backdated to February 1978, which provided for 30 monthly payments of $2,000 each which would terminate after August 1980, after which the husband "shall have no further obligation to make any alimony payments" to the wife.

In April of 1979, plaintiff commenced an action for divorce in Supreme Court, New York County, against defendant. Defendant, a New Jersey resident, moved to dismiss the action on the grounds that the court lacked both subject matter and personal jurisdiction. Plaintiff cross-moved to enjoin prosecution of a New Jersey divorce action which defendant had commenced. The Supreme Court directed a hearing on the jurisdictional issues and denied the wife's motion to enjoin prosecution of the New Jersey action and thereafter, in 1979, a final judgment of divorce was entered in the New Jersey action.

In 1980, the Supreme Court found on the basis of the Referee's report that the court had both personal and subject matter jurisdiction and therefore denied defendant's underlying motion to dismiss. Defendant did not appeal from that order but moved to dismiss the complaint, *inter alia,* on the basis of the New Jersey divorce. The Supreme Court's grant of the motion was reversed on appeal to this court without prejudice to any summary judgment motion defendant wished to make *(Geiser v Geiser,* 79 AD2d 571).

Ultimately, plaintiff stipulated to discontinue her action and, in February of 1983, commenced this action by service of a summons upon defendant in the State of New Jersey. The complaint alleges causes of action: (1) for equitable distribution of the marital property and maintenance for plaintiff; (2)

for $5,000 in counsel fees paid by plaintiff in 1977 to her then counsel; (3) for $23,629, the amount of a tax refund for the tax year 1975 resulting from the parties' joint tax return; and (4) for $28,590.24, for defendant's breach of his oral promise that he would repay a bank loan for repair and improvement of the marital residence. The last three causes of action were all based on defendant's "express representation and promise" that he would pay plaintiff these amounts.

Defendant moved to dismiss the complaint pursuant to CPLR 3211 on the grounds, *inter alia,* of res judicata, lack of in personam jurisdiction and defenses based on documentary evidence.

Special Term rejected the defendant's jurisdictional and res judicata arguments but granted dismissal of the first cause of action on the basis of the separation agreement. The remaining causes of action were dismissed on the basis of documentary evidence, i.e., the separation agreement and letters from counsel which indicated that these causes were considered prior to but not included in the agreement.

We agree with Special Term in its dismissal of the first cause of action.

Domestic Relations Law § 236 (B) (3) requires that, to be valid, a separation agreement must be "acknowledged or proven in the manner required to entitle a deed to be recorded." The statute further provides, however, that nothing set forth therein should be deemed to affect the validity of any agreement made prior to the effective date. "Thus, subdivision 3 is not to be retroactively applied to agreements executed prior to July 19, 1980 [citation omitted]." (Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, 1977-1984 Supp Pamph, Domestic Relations Law C236B:5, p 190.) The agreement herein was, of course, executed in 1978.

While a separation agreement which has not complied with the legislative mandate as to acknowledgment would not constitute the basis for a divorce action *(see,* Domestic Relations Law § 170 [6]) "as to the parties themselves, the instrument * * * may be effective without any acknowledgment * * * and may be the proper basis for other action" *(Cicerale v Cicerale,* 85 Misc 2d 1071, 1075-1076, *affd* 54 AD2d 921). While § 236 (B) (5) permits, where the parties have not provided for the disposition of their property in a separation agreement, proceedings to obtain a distribution of marital property following a foreign judgment of divorce, there can be no such distribution where, as here, the foreign action was terminated

prior to the enactment of the Equitable Distribution Law *(see, Ramirez De Bouhana v Bouhana,* 112 Misc 2d 314, 316).

In addition, the agreement was intended to cover all support obligations. It provided: "Except as expressly provided elsewhere in this agreement, each party shall be fully released by the other from any obligation for alimony, support and maintenance."

We disagree with Special Term's dismissal of the remaining causes of action. Defendant sought dismissal, and the court granted it, on the basis of the documentary evidence. This evidence, i.e., the correspondence of counsel preliminary to the separation agreement and the separation agreement itself, indicates that preliminary negotiations touched upon the matters as to which plaintiff now seeks recovery (counsel fee, home repair loan and tax refund) but that they were not covered in the agreement. The court reasoned that as one of the introductory "whereas" clauses recited that "the parties desire to amicably resolve between themselves all marital and property rights," the agreement is conclusive as to all claims. However, it is conceded that plaintiff crossed out of the agreement a paragraph entitled "Mutual Release" which provided that the parties did thereby: "release and discharge the other of and from all causes of action, claims, rights, or demands whatsoever, in law or in equity, which either of the parties ever had or now has against the other, upon or by reason of any matter up to the date of the execution of this agreement, it being the intention of the parties that henceforth there shall be as between them as only such rights and obligations as are specifically provided in this agreement."

The deliberate deletion of this paragraph suggests that the parties did not intend the agreement to settle all marital and property rights. Indeed, the deletion of the paragraph, together with the fact that there were preliminary negotiations covering subjects in addition to those finally included in the agreement, suggests that the parties affirmatively wished to reserve certain matters for future consideration. Plaintiff should not be estopped from asserting claims not intended to be covered by the agreement.

Finally, we note that Special Term was correct in finding that there was personal jurisdiction over defendant and that dismissal was not warranted on the basis of res judicata. Concur—Asch, J. P., Fein, Milonas, Kassal and Ellerin, JJ.