OPINION OF THE COURT
Anthony F. Shaheen, J.
At the time of the parties’ marriage in January 1975, the *369 respondent husband owned three parcels of property in his own name. Three months later the three parcels were deeded to his wife, and seven months after that, in November 1975, the property was deeded back to both husband and wife as tenants by the entirety. The petitioner wife left the marital residence in 1978 and returned to Budapest, Hungary, where she secured an ex parte judgment of divorce which became "legally valid” on June 19, 1980. That foreign divorce made no mention whatsoever of any division of marital property. In 1984, the petitioner wife commenced an action for her undivided one-half interest in the rental income generated by the properties in question, and that action is still pending. In 1985, she commenced the instant proceeding, pursuant to Domestic Relations Law § 236 (B) (2); (5) (a), to obtain an equitable distribution of the marital property including these three parcels of property.
The respondent husband now seeks from this court an order dismissing the instant petition for failure to state a cause of action, alleging that the petitioner wife is not entitled to equitable distribution since such a right did not exist at the time of her divorce action in Hungary. Although at first blush there appears to be some ambiguity in the area of equitable distribution following a foreign divorce, a careful review of the case law, commentaries and treatises reveals that the respondent’s position is well taken and the petition herein should be dismissed.
The Domestic Relations Law was amended effective July 19, 1980 to incorporate the new equitable distribution provisions; all actions and proceedings commenced prior to that date are controlled by section 236 (A), and all actions and proceedings commenced after that date are controlled by section 236 (B). Clearly, the instant petition was commenced after the effective date of the equitable distribution statute. However, the controlling factor in the court’s determination herein is not the date of commencement of this proceeding, but rather the date of commencement of the underlying divorce action. In order to award equitable distribution following a foreign judgment of divorce, that foreign divorce action had to have been commenced after the July 19, 1980 effective date of the statute (De Bouhana v Bouhana, 112 Misc 2d 314, 316; Golden, Family Law Series: Equitable Distribution of Property § 3.36, at 52 [Shepard’s/McGraw-Hill 1983]). This was not done here. The petitioner wife commenced and consummated her *370 foreign divorce action long before the effective date of the statute.
The Legislature has not revealed to us the wisdom of their reasoning for including foreign divorces within that category of actions wherein equitable distribution may later be sought. However, the commentators have agreed that the statute seems designed to ensure that the rights conferred therein are not defeated by an ex parte divorce in another jurisdiction (1 Tippins, New York Matrimonial Law and Practice, ch 1, § 1.23, at 46; see also, De Bouhana v Bouhana, supra, at p 315). Whatever their reasoning, the Legislature surely did not intend to confer on parties to a foreign divorce additional rights which are not available to those who secure divorce judgments within New York State (see, Lavi v Lavi, 103 AD2d 400, 407). Yet, were this court to permit the petitioner wife to maintain the instant proceeding for equitable distribution, such an inequity would result; that is, the petitioner who commenced and secured a foreign divorce prior to July 19, 1980, would obtain relief under Domestic Relations Law § 236 (B) which relief would simply not have been available to her had she commenced the same action in this jurisdiction. This the court will not do. Since she had no right to equitable distribution under New York laws at the time she commenced her foreign divorce action, the petitioner wife is now precluded from seeking such relief (De Bouhana v Bouhana, supra, at p 316).
In so deciding, the court is mindful that the three parcels of property remain in both names. However, the petitioner wife certainly has legal remedies available to her in that regard, and has in fact commenced an action for her share of the rental income from these properties. In any event, it is clear that the petitioner’s remedy does not lie in a proceeding pursuant to Domestic Relations Law § 236 (B), and as such the respondent’s motion to dismiss the instant petition is granted.