■ LENORE KAUFMAN, Respondent, v ALFRED KAUFMAN, Appellant.—In an action to set aside a stipulation of settlement, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered October 15, 1985, as denied that branch of his motion for a protective order which was to preclude financial disclosure for the period from January 1, 1976, to December 31, 1978.

Ordered that the order is modified, on the law, by granting the defendant's motion for a protective order to the extent of striking so much of the plaintiff wife's interrogatories as request information regarding the defendant's financial condition after May 13, 1977, the date the parties entered into the stipulation of settlement. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements. The defendant's time to respond to the plaintiff's interrogatories is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

So much of the plaintiff's interrogatories as request informa-

tion regarding the defendant's financial condition after May 13, 1977, the date the parties entered into the stipulation of settlement, which was incorporated, but not merged, in the judgment of divorce, is premature. The defendant's financial circumstances after May 13, 1977 are not relevant to the plaintiff's claim, *inter alia,* that she was deceived regarding the true extent of her husband's income at the time the stipulation was entered into, and will not become an issue unless and until the separation agreement or its support provisions have been vacated or set aside *(see, Potvin v Potvin,* 92 AD2d 562; *Wiecek v Wiecek,* 104 AD2d 935; *Schisler v Schisler,* 106 AD2d 441). Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.