■ JANE H. DEGUIRE, Respondent, v GEORGE B. DEGUIRE, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Queens County (Glass, J.), dated January 28, 1986, which granted the plaintiff wife's motion for leave to serve an amended complaint and to compel the defendant to disclose his present financial circumstances.

Ordered that the order is reversed, with costs, and the plaintiff's motion is denied.

The parties signed a separation agreement in 1977 that provided for maintenance and support of the wife and a minor child and for division of their properties, including the marital home. In 1985 the wife brought this action for a conversion divorce, seeking, *inter alia,* an order requiring the parties to sell their properties and to divide the proceeds according to the terms of the separation agreement. After pretrial discovery, the wife moved for leave to amend her complaint to include a claim for rescission of only those provisions of the agreement relating to the marital home. The ground for rescission alleged in her proposed amended complaint is that the husband breached the provision of the agreement that prohibited the parties from encumbering their interest in the home by filing a voluntary bankruptcy petition in 1979 and transferring his interest in the home to the bankruptcy trustee. The trustee transferred this interest back to the husband in 1980.

Although generally the merits of a proposed amended complaint will not be examined on a motion for leave to amend, the court can deny leave where the amendment clearly lacks merit *(Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512). We find that the wife's proposed amendment is devoid of merit and leave to amend should have been denied. Initially we note that the wife does not allege that the agreement was induced by any fraud, duress or overreaching by the husband, and she seeks incorporation of the terms of the agreement, excluding provisions concerning the marital home, into the divorce judgment.

The claim for partial rescission is based on an alleged breach that occurred in 1979. It is undisputed that the wife knew of the bankruptcy petition in 1979 and attended a

creditors' meeting, although she claims she was not aware until after this action was commenced that her husband's actions constituted a breach of the agreement. Nevertheless, the wife does not allege that her husband neglected to meet any of his obligations under the agreement as a result of the breach or that her interest in the home was ever jeopardized. The wife has continued to receive benefits under the agreement in the intervening six years. Under these circumstances, we find that the wife has ratified the agreement and cannot now seek to set aside the marital home provisions based on allegations of misconduct which occurred over six years ago *(see, Chasin v Chasin,* 98 AD2d 788).

The court erred in granting the wife discovery of her husband's present financial circumstances since such discovery is not required unless and until the separation agreement is set aside *(see, Kaufman v Kaufman,* 125 AD2d 293; *Schisler v Schisler,* 106 AD2d 441). Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.