■ VIVIEN L. MCLEAN, Respondent, v JOHN A. BALKOSKI, Appellant.—Order of the Supreme Court, New York County (Walter M. Schackman, J.), entered July 17, 1985, which denied defendant-appellant's motion for an order quashing plaintiff's notice of deposition and demand for a statement of net worth, is unanimously reversed, on the law, and defendant's motion granted, without costs.

Vivien L. McLean and John A. Balkoski were married in 1973 and separated in 1978, without having had any children. Defendant claims that in January 1979, he prepared a separation agreement, which he and his wife signed. Defendant has,

however, been unable to locate the original agreement and produced below only an unsigned copy. In January of 1980, defendant prepared a second agreement which set forth increased monthly benefits to plaintiff. This agreement was signed by both parties, although the notarization of the wife's signature was defective. The defendant brought the agreement to plaintiff, while she was in England, and had her sign it there. Defendant then returned to New York and had an attorney notarize plaintiff's signature.

For six years plaintiff accepted defendant's payments made pursuant to the agreement. Additionally, a property division was effected in accordance with the terms of the agreement.

In February of 1985, plaintiff sued for divorce and financial relief and later sought to depose defendant and obtain from him a sworn statement of his net worth. Defendant moved to quash the demand and notice of deposition on the ground that extensive financial disclosure was barred by the existence of valid separation agreements. Defendant appeals from the denial of that motion and the finding that he failed to come forward with sufficient proof that a valid agreement existed.

Unless and until the invalidity of a separation agreement is established, broad financial disclosure should be denied. *(Shiffman v Shiffman,* 57 AD2d 519, 520.) This general principle remains unaffected by enactment of the Equitable Distribution Law, although courts have since then been more liberal in considering claims of fraud and overreaching. *(Oberstein v Oberstein,* 93 AD2d 374, 379-380.)

Defendant cannot rely on the January 3, 1979 agreement to preclude disclosure, since no signed copy has been located. However, a different situation is presented regarding the January 4, 1980 agreement. Plaintiff does not deny its existence or that she signed it, but challenges its validity on the basis of the invalid notarization and because it was the product of fraud, overreaching and misrepresentation.

A defect in the acknowledgement portion of an agreement does not serve to invalidate, as between the parties, the binding contractual nature of a pre-Equitable Distribution Law separation agreement. *(Geiser v Geiser,* 115 AD2d 373, 374; *Cicerale v Cicerale,* 85 Misc 2d 1071, 1075-1076, *affd* 54 AD2d 921.) Accordingly, the defective notarization does not affect the validity of the rights and obligations of the parties under the January 1980 agreement.

Plaintiff's attempt to repudiate the agreement on the grounds that it was the product of fraud, duress and over-

reaching must also fail, since by her conduct subsequent to the execution of the agreement she ratified it. Plaintiff accepted support payments from defendant for over six years without raising any objections and received 80% of the proceeds of the sale of their cooperative apartment pursuant to the terms of the agreement. This course of conduct served to ratify the agreement and precludes plaintiff from attempting to repudiate it on the grounds of duress, fraud or overreaching. (Beutel v Beutel, 55 NY2d 957, 958; Sheindlin v Sheindlin, 88 AD2d 930, 931.) Accordingly, defendant's motion to quash should be granted. Concur—Sullivan, J. P., Carro, Asch and Wallach, JJ.