■ JEAN McGAVIS et al., Appellants, v STATE OF NEW YORK, Respondent.—Judgment unanimously affirmed without costs for reasons stated at Court of Claims, NeMoyer, J. (Appeal from judgment of Court of Claims, NeMoyer, J.—dismiss claim.) Present—Doerr, J. P., Denman, Pine, Balio and Davis, JJ.

■ DONALD J. DELLAVELLA, JR., Appellant, v CHRISTIAN BROTHERS INSTITUTE OF NEW YORK, Respondent.—Appeal unanimously dismissed without costs. Memorandum: Plaintiff, a tenured teacher at a high school owned and operated by defendant, commenced an action alleging that defendant breached plaintiff's contract of employment by failing to pay him according to the terms of his contract for the 1985-1986 school year, and by failing to renew his contract for the 1986-1987 school year without sufficient cause and without a hearing before the Grievance Committee. In his complaint plaintiff sought reinstatement. Plaintiff thereafter moved for leave to serve an amended complaint consisting of a single cause of action in which he added claims, including libel and slander, and demanded damages for breach of contract instead of reinstatement as demanded in his initial complaint. A motion to amend a complaint under CPLR 3025 (b) is addressed to the sound discretion of the court (Mayers v D'Agostino, 58 NY2d 696, 698), and we find no abuse of discretion in the court's denial of the motion since plaintiff's claims for libel and slander were patently without merit (see, DeGuire v DeGuire, 125 AD2d 360). Further, plaintiff on appeal concedes that he is not appealing the denial of his motion with respect to the libel and slander claims.

Having properly denied plaintiff's motion for leave to amend his complaint, the court had before it only plaintiff's initial complaint seeking reinstatement. The court directed defendant to offer plaintiff a contract of employment, gave plaintiff a time limit within which he could accept the contract, and provided that after expiration of that period the offer could be withdrawn. Plaintiff accepted the contract. Clearly, he received the relief sought in his complaint and is not an aggrieved party within the meaning of CPLR 5511. His appeal therefore must be dismissed (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 544-545). (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—breach of employment contract.) Present—Doerr, J. P., Denman, Pine, Balio and Davis, JJ.