(March 8, 1990)

■ DIANE CRUEY, Appellant, v NED CRUEY, Respondent.— Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about July 28, 1989, which limited plaintiff's right of discovery to the circumstances at the time of the execution of the prenuptial agreement, unanimously affirmed, without costs.

In this action for divorce and the setting aside of a prenuptial agreement, plaintiff has not established her right to financial disclosure beyond the circumstances existing at the time of the execution of the agreement. Although plaintiff urges that the agreement was the product of fraud, overreaching and coercion, and that the terms were unfair when made and are unconscionable now, such conclusory allegations are insufficient to warrant the broad financial discovery that plaintiff seeks. *(Oberstein v Oberstein,* 93 AD2d 374.)* The controlling principle continues to be that unless and until the

invalidity of the agreement is established, broad financial disclosure should be denied. *(McLean v Balkoski,* 125 AD2d 234, 235.) Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.