■ THOMAS GARGUILIO, Respondent, v JUNE GARGUILIO, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated April 28, 1989, which, *inter alia,* granted the plaintiff husband's motion for leave to reargue her prior motion, *inter alia,* to compel the production of certain documents, and, upon granting reargument, vacated a prior order of the same court, dated September 13, 1988, which had granted that motion and thereupon denied the motion.

Ordered that the order is modified, by adding thereto a provision granting the appellant leave to serve an amended answer in accordance herewith; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the appellant's time to serve an amended answer, if she be so advised, is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

The parties were married in 1954 and have been separated since 1967. In 1983, the plaintiff sued for a conversion divorce on the ground that the parties had lived separate and apart for over one year pursuant to a separation agreement. The defendant asserted several counterclaims in which she also sought a divorce, as well as ancillary economic relief.

In 1986, this court, on an appeal by the defendant, granted her motion to dismiss the plaintiff's complaint on the ground that the separation agreement which was the basis of his demand for a conversion divorce had not been properly acknowledged (see, *Garguilio v Garguilio,* 122 AD2d 105; *see also,* Domestic Relations Law § 170 [6]; *Cicerale v Cicerale,* 54 AD2d 921). The defendant's counterclaims remain pending.

The defendant has now sought pretrial disclosure in connec-

tion with her counterclaims for divorce. In an order dated September 13, 1988, the Supreme Court, Suffolk County, granted a motion by the defendant and directed, *inter alia,* that the husband appear for a deposition and produce certain documents. As support for its decision, the court stated that it was constrained by the doctrine of the law of the case, based upon a prior order of the same court (Baisley, J.), dated January 7, 1985. However, upon the plaintiff's motion for leave to reargue, the court overruled itself, and found that the doctrine of the law of the case did not dictate that the defendant's application be granted, and, moreover, that the defendant's application should be denied on the merits. This appeal followed.

The court was correct in determining that the defendant has no right to broad discovery of the plaintiff's current financial circumstances, because his current circumstances have no relevance unless and until the 1967 separation agreement is set aside *(see, Wandell v Wandell,* 140 AD2d 434; *Weinstock v Weinstock,* 122 AD2d 790; *Potvin v Potvin,* 92 AD2d 562; *see also, Cruey v Cruey,* 159 AD2d 241). Since the agreement was executed prior to the effective date of Domestic Relations Law § 236 (B) (3), the technical defect in the acknowledgment, while enough to remove it as the basis for a conversion divorce *(see, Garguilio v Garguilio,* 122 AD2d 105, *supra),* does not otherwise affect its validity, and the agreement continues to govern the economic issues *(see, McLean v Balkoski,* 125 AD2d 234; *Geiser v Geiser,* 115 AD2d 373; *Cicerale v Cicerale,* 85 Misc 2d 1071, 1075, *affd* 54 AD2d 921, *supra).*

This court is not bound by the doctrine of the law of the case to reverse or modify the order appealed from *(see, Post v Post,* 141 AD2d 517, 518; *Zappollo v Putnam Hosp. Center,* 117 AD2d 597; *Di Fresco v Starin,* 81 AD2d 629). In any event, the present record does not support the defendant's argument that the doctrine of the law of the case was in fact violated. This is so because it is not clear that the disclosure directed in the order dated September 13, 1988, involved the same as that which the defendant was directed to make by order of Justice Baisley dated January 7, 1985, and by a prior order of Justice Geiler, dated February 3, 1984. We also note that the plaintiff did produce certain documents at a deposition held on June 7, 1984, although not in a way that satisfied the defendant's attorneys.

Under all of these circumstances, we conclude that the

Supreme Court properly granted reargument, and, upon reargument, properly denied the defendant's motion.

We also conclude that there is no merit to the defendant's alternative argument that the failure of the plaintiff to plead the existence of the separation agreement in his reply to the defendant's counterclaims constitutes a waiver of that defense to the defendant's demands for economic relief. However, the defendant should be permitted to amend her answer so as to assert any additional counterclaims she deems necessary in order to advance her argument that the parties' separation agreement is invalid, whereupon the plaintiff must submit a reply (see, CPLR 3025 [d]).

The order under review is, therefore, modified, as a matter of discretion, by adding a provision hereto permitting the defendant to serve an amended answer in accordance herewith. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.