■ IRENE E. DeSANTIS, Respondent, v PHILIP J. DeSANTIS, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in directing defendant to comply with plaintiff's discovery demands. The financial disclosure sought in those demands is not relevant to the prosecution of plaintiff's matrimonial action unless and until the parties' separation agreement has been vacated or set aside. Here, the validity of the agreement has not been placed in issue inasmuch as neither party has sought to have the agreement set aside in a separate plenary action or by way of an affirmative defense or a counterclaim *(see, Christian v Christian,* 42 NY2d 63, 72; *Garguilio v Garguilio,* 168 AD2d 666, 668). Moreover, the standard of judicial scrutiny imposed by the equitable distribution statute to insure that the maintenance and support provisions in a separation agreement are (1) fair and reasonable when made and (2) not unconscionable at the time of the entry of final judgment is not implicated because plaintiff did not seek maintenance in her complaint and expressly waived maintenance in the agreement *(see,* Domestic Relations Law § 236 [B] [3]; *Oberstein v Oberstein,* 93 AD2d 374). Therefore, because the agreement remains unimpeached and unchallenged, its terms govern the parties' respective rights and obligations *(see, Garguilio v Garguilio, supra; Wan-*

*dell v Wandell,* 140 AD2d 434; *Pentecost v Pentecost,* 125 AD2d 558, 559; *Oberstein v Oberstein, supra,* at 376-377). (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J. —Discovery.) Present—Callahan, J. P., Boomer, Lawton, Boehm and Davis, JJ.