■ CARMEN A. PALUMBO et al., Appellants, v NORSTAR BANK UPSTATE NEW YORK et al., Respondents. [622 NYS2d 263] —Order, Supreme Court, New York County (Herman Cahn, J.), entered December 1, 1993, which granted the motion by defendant Fleet Bank of New York to dismiss the complaint as against it, granted the motion by defendant Peat Marwick, Inc. for leave to amend its answer and for dismissal of the complaint as against it, denied plaintiffs' motion for leave to amend the complaint, dismissed without prejudice the counterclaim asserted by defendant Peat Marwick, Inc. and dismissed plaintiffs' complaint, unanimously affirmed, with costs.

Both plaintiffs signed a release barring them from pursuing precisely the sort of litigation that is involved herein. In addition, for more than 5½ years they did not attempt to rescind the settlement agreement.

A party who wishes to repudiate a contract is required to act promptly *(Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 30-31). Instead, the agreement herein had been effective for years before the action was commenced, was fully performed, and plaintiffs accepted its benefits. Moreover, nothing in the record suggests that the alleged incapacity persisted during that entire time, thereby precluding institution of this lawsuit at an earlier time. Plaintiffs must, consequently, be

deemed to have ratified the agreement *(Beutel v Beutel,* 55 NY2d 957, 958).

Moreover, accepting the truth of every one of plaintiffs' factual assertions, as we are required to do, the individual plaintiff Palumbo has failed to satisfy either of the tests enunciated in *Blatt v Manhattan Med. Group* (131 AD2d 48) for showing mental incapacity. At most, said plaintiff alleges that he was elderly, afflicted with some severe physical ailments at around the time that he was engaged in settlement negotiations and was confronting personal problems that caused him great stress. These claims, if true, indicate no more than that, at all times relevant herein, he comprehended the nature and consequences of his actions and made a rational judgment to enter into a settlement with defendant bank. As this Court stated in *Blatt v Manhattan Med. Group (supra,* at 53), "[a]n outcome which will, in all likelihood, encourage people to challenge otherwise valid agreements on the ground that they were depressed when they entered into them should not be condoned."

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.