■ PEGGY PACKER, Respondent, v MARC PACKER, Appellant. [650 NYS2d 142] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered August 23, 1995, which, *inter alia*, denied defendant's cross motion to compel financial discovery of plaintiff's present financial condition, affirmed, without costs.

On a prior appeal, this Court affirmed the motion court's denial of defendant's motion to dismiss the complaint in this post-divorce plenary action to rescind a stipulation of settlement signed by the parties in August 1988. (*Packer v Packer*, 225 AD2d 314.) Plaintiff's action is premised on several grounds, including, among others, that defendant prevented plaintiff from obtaining independent counsel, selected her attorney and then attended the two cursory meetings between her and counsel, and did not reveal the extent of his assets, and that no negotiations between the parties were ever conducted and that she had no input into the document that was presented for her signature.

It appears that sometime after the parties entered into the stipulation, the plaintiff purchased a vacation home in Quogue, Long Island for $500,000, of which 80% was mortgaged. Although the record contains conflicting allegations and no proof whatsoever of whether the purchase was made one or two years after the stipulation was signed, resolution of this factual dispute does not affect resolution of the question of whether the motion court erred in refusing to expand the scope of discovery to include the plaintiff's post-stipulation financial condition, as this information is not material and relevant to her financial condition at the time the stipulation was signed.

The courts have consistently held that in an action to rescind an agreement, post-agreement financial discovery is not permitted unless and until such agreement is set aside (*see, e.g.*, *Garguilio v Garguilio*, 168 AD2d 666, 667 ["current (financial) circumstances have no relevance unless and until the (prior) separation agreement is set aside"]; *Kaufman v Kaufman*, 125 AD2d 293; *Lazarus v Lazarus*, 114 AD2d 1012). In *Pentecost v Pentecost* (125 AD2d 558), the defendant-husband sought a protective order to prohibit the plaintiff-wife's discovery of his post-separation agreement financial records. The Appellate Division, Second Department unanimously reversed the lower court's denial of a protective order, stating:

"The defendant[-husband's] present financial condition is not relevant to the plaintiff[-wife's] claim that the separation agreement is null and void on the ground of fraud or unconscionability and will not become an issue unless and until the separation agreement or its financial provisions is set aside" *(supra,* at 559).

We are not persuaded by defendant's argument that the instant case presents a unique set of factual circumstances justifying departure from the general rule. Plaintiff's complaint contains allegations regarding her financial inability to retain an attorney of her choosing *at the time of the execution of the stipulation* and does not put her subsequent and present financial condition in issue. In any event, it certainly cannot be said that the motion court abused its discretion by delineating the scope of discovery in the manner that it did. Concur— Ellerin, Ross, Tom and Mazzarelli, JJ.

Sullivan, J. P., dissents in a memorandum as follows: I would modify the IAS Court's order to broaden the scope of plaintiff's deposition to include questions relating to the source of funds used to purchase the property in Quogue.

Plaintiff seeks to set aside the parties' separation agreement, i.e., the stipulation of settlement, which was incorporated, but not merged, into the judgment of divorce, on the grounds of, *inter alia,* fraud, overreaching, unconscionability and duress. Defendant argues that, in view of plaintiff's claims that she could not hire a lawyer because she had no money* and that the defendant took unfair advantage of her destitute status to force an unfair settlement upon her, he is entitled to financial disclosure as to the source of funds she used, one or two years after the execution of the separation agreement, to purchase a vacation home in Quogue, New York.

Pursuant to CPLR 3101 (a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action". "The words, 'material and necessary', are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." (*Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406.) Since the source of funds plaintiff allegedly used to purchase (or obtain 80% financing for) a $500,000 residence one or two years after she executed

---

* While there is no specific allegation to this effect in the complaint, plaintiff concedes that her "complaint contains allegations regarding her financial inability to retain an attorney of her choosing at the time of the execution of the Stipulation," i.e., the separation agreement.

the separation agreement is relevant to her claim that she had no money to hire a lawyer at the time the separation agreement was entered into, the court should have permitted inquiry as to that question.

The majority's reliance on Second Department cases which bar disclosure as to post-settlement financial circumstances is not persuasive. (*See, e.g., Garguilio v Garguilio*, 168 AD2d 666; *Kaufman v Kaufman*, 125 AD2d 293; *Pentecost v Pentecost*, 125 AD2d 558; *Lazarus v Lazarus*, 114 AD2d 1012.) In each of those cases the court held that such circumstances were irrelevant to the matters in issue. In the instant matter, however, the source of funds plaintiff used to purchase the Quogue property is manifestly relevant to her claim that, in 1988, she lacked the financial resources to hire an attorney. This is especially the case since she claims that as a result of the husband's fraud in inducing her to enter into the separation agreement she was left in dire financial circumstances. To the extent that these cases, particularly *Kaufman v Kaufman (supra)*, hold otherwise, I note that their reasoning has never been adopted by this Court.