■ JEANETTE PINCUS, Respondent, v ADAM LIPSON, Appellant. [899 NYS2d 664]—

In an action, inter alia, for a judgment declaring null and void a separation agreement executed by the parties on June 15, 2006, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Walsh, J.), dated August 24, 2009, as, upon reargument, adhered to so much of an original determination in an order dated July 22, 2009, as granted the plaintiff's motion to direct him to participate in and provide documents for a current appraisal of his business known as Network and Security Technologies, Inc., and thereupon directed both parties to exchange documents for a current appraisal of all of their respective businesses.

Ordered that the order dated August 24, 2009, is reversed insofar as appealed from, on the law, with costs, and upon reargument, so much of the order dated July 22, 2009, as granted the plaintiff's motion to direct the defendant to participate in and provide documents for a current appraisal of the defendant's business known as Network and Security Technologies, Inc., and thereupon directed both parties to exchange documents for a current appraisal of all their respective businesses is vacated, and the plaintiff's motion to direct the defendant to participate in and provide documents for a current appraisal of the defendant's business known as Network and Security Technologies, Inc., is denied.

Disclosure pertaining to the parties' current financial condition "is not relevant to the plaintiff's claim that the separation agreement is null and void on the ground of fraud or unconscionability and will not become an issue unless and until the separation agreement or its financial provisions is set aside" (*Pentecost v Pentecost*, 125 AD2d 558, 559 [1986]; *see Packer v Packer*, 233 AD2d 261, 261 [1996]; *Garguilio v Garguilio*, 168 AD2d 666, 667 [1990]; *Wandell v Wandell*, 140 AD2d 434, 434 [1988]). Accordingly, upon reargument, the Supreme Court should have denied the plaintiff's motion to direct the defendant to participate in and provide documents for a current appraisal of the defendant's business known as Network and Security Technologies, Inc., and vacated its direction in the order dated July 22, 2006, that both parties are to exchange documents for a current appraisal of all of their respective businesses. Rivera, J.P., Florio, Miller and Austin, JJ., concur.